**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| JAMIE J. ISRAEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| MAYSVILLE R-1 SCHOOL DISTRICT | ) | **JURY TRIAL REQUESTED** |
| BOARD OF EDUCATION | ) | |
| and | ) | |
| CHRIS HESLINGA, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants, Maysville R-1 School District Board of Education and Chris Heslinga, ("District Defendants"), hereby provide notice of the removal of Case No. 23DK-CC00015 from the Circuit Court of DeKalb County, Missouri at Maysville, to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, and as grounds for removal state as follows:

### I.     Statement of the Case

1.     On May 2, 2023, Plaintiff filed a Petition in the Circuit Court of DeKalb County, Missouri, Jamie J. Israel v. Maysville R-1 School District Board of Education and Chris Heslinga, Case No. 23DK-CC00015 (the "State Court Action").

2.     Service was completed on District Defendants on May 17, 2023, rendering removal timely pursuant to 28 U.S. Code § 1446 (b)(1).

3.     A copy of all process, pleadings, and orders from Case No. 23DK-CC00015 is attached as Exhibit A.

1

4.      Plaintiff asserts claims under the Uniform Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. Section 4303 et seq. based on her status as a servicemember of the United States Armed Forces.

5.      Plaintiff's Petition contains more than thirty (30) explicit references to Plaintiff's status as a servicemember of the United States Armed Forces. See Plaintiff's Petition ¶¶ 8-15, 17[1], 15-16[2], 20, 24, 28-29, 32, 36-37, 45.

6.      Counts III-VI assert claims based on Plaintiff's status as a servicemember of the United States Armed Forces under USERRA.

7.      This Court has jurisdiction over this matter because Counts III-VI asserted by Plaintiff arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1441 (c)(1)(a).

8.      Additionally and independently, this Court also has jurisdiction over Counts I and II because the state law claims alleged in those counts relies on the resolution of a substantial question of federal law[3], or in the alternative, through supplemental jurisdiction.

## II.      <u>Federal Question Jurisdiction</u>

9.      USERRA recognizes a claim for retaliation and hostile work environment. 38 U.S.C. Section 4303 et seq.

---

[1] Plaintiff's Petition contains two (2) paragraphs labeled 15 as a result of misnumbering. These references are to the first paragraphs identified as 15 & 17, contained at the top of page six (6).
[2] These references are to the second paragraphs identified as 15 & 16, contained at the bottom of page six (6) and the top of page seven (7).
[3] A plaintiff's characterization of a claim as based solely on state law is not necessarily dispositive of whether federal question jurisdiction exists. *Peters v. Union Pac. R. Co*., 80 F.3d 257, 259 (8th Cir. 1996). A district court's federal-question jurisdiction extends over cases in which "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, (1983). Plaintiff's claims of sex discrimination are intrinsically tied to her allegations of violations under USERRA. Plaintiff specifically alleges District Defendants violated her civil rights and seeks relief pursuant to the USERRA as a necessary fact to prove her allegation of sex discrimination. See Plaintiff's Petition, ¶¶ 13, 15. This reference is to the second paragraph 15, contained at the bottom of page six (6).

10. Plaintiff alleges causes of action for retaliation against District Defendants in Counts III and IV of her Petition. See Plaintiff's Petition ¶¶ 27-34.

11. Plaintiff makes multiple references to "her involvement in the National Guard" throughout Counts III and IV. See Plaintiff's Petition ¶¶ 28, 29, 32, 36-37, 40.

12. Plaintiff alleges causes of action for hostile work environment against District Defendants in Counts V and VI of her Petition. See Plaintiff's Petition ¶¶ 43-50.

13. Plaintiff makes references to her status as a servicemember of the United States Armed Forces throughout Counts V and VI. See Plaintiff's Petition ¶¶ 45, 48.

### III. Supplemental Jurisdiction

14. This Court may exercise supplemental jurisdiction over Plaintiff's state law claims contained in Counts I and II pursuant to 28 U.S.C. § 1367. Plaintiff's MCHR claims are so related to the claims over which this Court has original jurisdiction that they form part of the same cause or controversy under Article III of the United States Constitution. Specifically, those claims are based on the same factual allegations Plaintiff relied upon to assert claims pursuant to her federal claims under USERRA.

### IV. All Procedural Requirements for Removal Have Been Satisfied

15. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders and documents from the State Court Action are being filed with this Notice of Removal as Exhibit A.

16. This Notice of Removal has been filed within thirty (30) days of the date that District Defendants were served with the summons or Petition in this matter. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

17. All served District Defendants join in this Notice of Removal as required by 28 U.S.C. § 1446(b)(2)(A).

18.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the United States District Court for the Western District of Missouri is the federal judicial district embracing the Circuit Court for DeKalb County, Missouri, at Maysville where the State Court Action was originally filed.

## V.     Conclusion

19.     By this Notice of Removal, District Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. District Defendants intend no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Respectfully submitted,

GUIN MUNDORF, LLC

By: */s/ Jessica M. Bernard*
Jessica M. Bernard            MO #58980
jbernard@gmschoollaw.com
Anthony S. McDaniel            MO #68767
amcdaniel@gmschoollaw.com
4520 Main Street, Suite 520
Kansas City, MO  64111
(816) 333-1700
(816) 886-3860 (Fax)

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of June, 2023, the foregoing document was filed using the ECF Filing System, which provided electronic copies to the following:

Brian J. Klopfenstein
215 Platte Clay Way, Suite B
PO Box 897
Kearney, MO 64060-0897
816-628-2800
816-628-2802 (Fax)
brian@klopfensteinlaw.com
ATTORNEY FOR PLAINTIFF


*/s/ Jessica M. Bernard*
Attorney for Defendants

5